No. 16-11689-H

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

BRIAN KEMP, GEORGIA SECRETARY OF STATE,

Defendant/Appellant,

v.

GREEN PARTY OF GEORGIA and CONSTITUTION PARTY OF GEORGIA,

Plaintiffs/Appellees.

On Appeal from the United States District Court
For the Northern District of Georgia

# APPELLEES' REQUEST FOR JUDICIAL NOTICE

M. Laughlin McDonald
American Civil Liberties Union
Foundation
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303
Tel: (404) 500-1235
Fax: (404) 565-2886
Email: lmcdonald@aclu.org

*Attorney for Appellees*

GREEN PARTY, et al. v. KEMP,
No. 16-11689-H

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The undersigned attorney for Appellees Green Party of Georgia and Constitution Party of Georgia certifies pursuant to 11 Cir. R. 26.1-3, that Appellant Brian Kemp's certificate of interested persons and corporate disclosure statement is correct and complete.

s/ M. Laughlin McDonald
M. Laughlin McDonald
American Civil Liberties Union Foundation
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303
Tel: (404) 500-1235
Fax: (404) 565-2886
Email: lmcdonald@aclu.org

*Attorney for Appellees*

Appellees Green Party of Georgia and Constitution Party of Georgia request the Court to take judicial notice pursuant to Fed. R. Evid. 201, of the August 16, 2016, letter from Chris Harvey, Elections Director, Georgia Secretary of State's Office, to the Co-Chairmen of the Georgia Green Party, and the adjudicative facts it contains, a copy of which is attached hereto as Exhibit A. In the letter Harvey advised the Co-Chairmen that the nomination petition for Dr. Jill Stein to be the Green Party's nominee for President of the United States in the General Election to be held on November 8, 2016, was submitted to his office by the July 12, 2016 deadline required by the Georgia Code. However, Harvey concluded "that your total number of valid signatures submitted is 5,925, and that you did not meet the requirement of obtaining 7,500 valid signatures of eligible voters. Therefore Dr. Jill Stein will not appear on the ballot in the General election to be held November 8, 2016." *Id.*

Pursuant to Rule 201(b)(2) a court may take judicial notice of a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The letter from Harvey is not subject to reasonable dispute and the facts it reports are from a source whose accuracy cannot reasonably be questioned. *See New York Indians v. United States*, 170 U.S. 1, 32 (1898) (a

court "may take notice of matters of common observation, of statutes, records, or public documents which were not called to its attention, or other similar matters of judicial cognizance"). *Accord*, *Mills v. Denver Tramway Corp.*, 155 F.2d 808, 812 (10th Cir. 1946).

Rule 201 "governs judicial notice of an adjudicative fact only, not a legislative fact." Adjudicative facts have been defined as "simply the facts of the particular case[,]" *United States v. Wolny*, 133 F.3d 758, 764 (10th Cir. 1998), or "who did what, where, when, how, and with what motive or intent[.]" *United States v. Gould*, 536 F.2d 216, 219 (8th Cir. 1976). Legislative facts, on the other hand, have relevance to legal reasoning and the law making process. *Wolny*, 133 F.3d at 764. The actions the Green Party undertook to place its candidate on the presidential ballot and the number of valid signatures it submitted as set out in the letter from Harvey meet the definition of adjudicative facts. They are the facts of this particular case and describe what the Green Party did and how and when. Rule 201(c)(2) further provides that a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Here, Appellees have requested judicial notice and supplied the court with the necessary information. Rule 201(d) also provides that a court "may take judicial notice at

any stage of the proceeding." *See also United States v. Iverson*, 818 F.3d 1015, 1028 (10th Cir. 2016) (a court may take judicial notice "at any stage of the proceedings, even on appeal").

Conclusion

Judicial notice of Harvey's letter and the facts it contains is both appropriate and required by Rule 201.

This 12th day of October 2016.

s/ M. Laughlin McDonald
M. Laughlin McDonald
American Civil Liberties Union Foundation
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303
Tel: (404) 500-1235
Fax: (404) 565-2886
Email: lmcdonald@aclu.org

*Attorney for Appellees*

CERTIFICATE OF SERVICE

I hereby certify pursuant to Fed. R. App. P. 25(d) that on October 12, 2016, the foregoing Motion to Request Judicial Notice was filed through the CM/ECF system and served electronically on all participants in this appeal.

Dated: October 12, 2016

s/ M. Laughlin McDonald
M. Laughlin McDonald
American Civil Liberties Union
Foundation
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303
Tel: (404) 500-1235
Fax: (404) 565-2886
Email: lmcdonald@aclu.org

*Attorney for Appellees*